FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 15, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| GARDEN PATH FERMENTATION, LLC and PETER WRIGHT,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA; SCOTT BESSENT, in his official capacity as Secretary of the Treasury; MARY G. RYAN, in her official capacity as Administrator of the Alcohol and Tobacco Tax and Trade Bureau; and the ALCOHOL AND TOBACCO TAX AND TRADE BUREAU.,<br><br>Defendants. | NO. 1:26-CV-3002-TOR<br><br>ORDER DISMISSING COMPLAINT |

BEFORE THE COURT is Defendants' Motion to Dismiss (ECF No. 11). This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein and is fully informed. For the reasons discussed below, Defendants' motion is **GRANTED**.

## BACKGROUND

This case concerns federal regulations controlling the labeling of wines with vintage information, i.e., the year of harvest. The Federal Alcohol Administration Act ("FAA Act"), 27 U.S.C. §§ 201-219a, defines wine as made from grapes and other agricultural products, such as cider and perry, that is not less than 7 percent and no more than 24 percent alcohol by volume ("ABV"). 27 U.S.C. § 211(6). The Alcohol and Tobacco Tax and Trade Bureau ("TTB"), which administers the FAA Act, expressly prohibits the labeling of wine with a statement of its age, unless an exception applies. 27 C.F.R. § 4.39(b)(1). One such exception is the labeling of vintage grape wine. *Id.* § 4.27. No other wines, other than grape wine, may have vintage labeling. However, wine products that contain an ABV of less than 7 percent are not subject to the FAA Act, but are regulated by the Food and Drug Administration ("FDA") pursuant to the Federal Food, Drug, and Cosmetic Act ("FDCA"), 21 U.S.C. § 321(f). FDA-regulated alcoholic beverages are not subject to the same labeling requirements. Therefore, non-grape wine that is below 7 percent ABV may have vintage or harvest-year labeling.

Garden Path Fermentation, LLC ("Garden Path"), is a producer of cider, mead, and fruit wine, that wishes to include vintage labeling on its wine products, including those that are 7 percent ABV or higher. Peter Wright ("Plaintiff Wright") is a resident of Washington that purchases cider, mead, fruit wine, and

grape wine, and values vintage information in making purchases.

Plaintiffs have failed to exhaust their administrative remedies regarding this COLA application denial. TTB regulations require COLA applicants to pursue an administrative appeals process before seeking judicial review of a COLA application denial. 27 C.F.R. §§ 13.26(c), 13.27(c). Plaintiffs have waited too long and are now outside the 45-day deadline by which they were required to pursue that appeal process. 27 C.F.R. § 13.25(a).

**DISCUSSION**

Defendants seek to dismiss Plaintiffs' complaint by directly challenging TTB's May 12, 2026, denial notice as barred for failure to exhaust administrative remedies.

A claim challenging a final agency action pursuant to the APA must be brought "within six years after the right of action first accrues." 5 U.S.C. § 704; 28 U.S.C. § 2401(a). "A claim accrues when the plaintiff has the right to assert it in court—and in the case of the APA, that is when the plaintiff is injured by final agency action." *Corner Post, Inc. v. Bd. of Governors*, 603 U.S. 799, 807 (2024). A final agency action is the "consummation of the agency's decisionmaking process" and "by which rights or obligations have been determined, or from which legal consequences will flow." *Bennett v. Spear*, 520 U.S. 154, 178 (1997) (internal quotation marks and citations omitted).

The Supreme Court recently settled a circuit split in *Corner Post* by holding that a plaintiff's facial challenge to an agency regulation accrues when the plaintiff is first aggrieved by the regulation, as opposed to when the regulation was first promulgated. *Corner Post*, 603 U.S. at 809. I n the case of *Corner Post*, the Court concluded that the plaintiff's claim accrued when it opened for business and became subject to a regulation setting the interchange fees for debit card transactions. *Id.*

For all the reasons expressed in the Government's Reply Brief, ECF No. 15, the Court grants the motion to dismiss.

As such, and because it is not clear Plaintiffs cannot prove facts establishing the timeliness of their claim, the Court **GRANTS** Defendants' motion and dismisses Plaintiffs' amended complaint.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Defendants' Motion to Dismiss (ECF No. 11) is **GRANTED**.

The District Court Executive is directed to enter this Order and furnish copies to counsel and **CLOSE** the file.

DATED October 15, 2026.

THOMAS O. RICE
United States District Judge